CHARLES THAYER and others *vs.* MARCUS LANE administrator of the estate of Samuel Wheeler and others.

Courts of equity have jurisdiction and will entertain proceedings for partition, where a portion of the property has changed hands and the rights and interests of the several parties have become complicated and are in dispute.

Where a demurrer is to the whole discovery and relief prayed by the bill, if the complainant is entitled to any part of the relief the demurrer must be overruled.

Where an administrator under a license from a judge of probate was proceeding to sell the interest of the intestate in sixteen village lots, which interest was stated to be one undivided half, upon a bill filed by the other parties interested, stating that the intestate owned only an undivided interest of one-third, an injunction was granted to restrain the sale and the chancellor refused to dissolve the injunction until the interest of the intestate was ascertained and settled.

1841.
Second Circuit.

Thayer
*vs.*
Lane.

January 20.

The bill in this case was filed for a partition, and states that Samuel Wheeler and Richard H. Root (both deceased) of the state of Ohio, were, in their lifetime, seized in fee as tenants in common, of certain village lots in the village of Ann Arbor, in the state of Michigan; that said Wheeler died intestate, leaving five children, his heirs at law. That Root was seized of two equal undivided third parts of said village lots, and Wheeler was seized of the other equal undivided third part thereof. That Charles Wheeler, brother to S. Wheeler, was appointed administrator upon the estate of S. Wheeler, in the state of Ohio, and was also appointed guardian for Amanda Wheeler, one of the heirs.

That about June 18, 1834, William Munroe, of the state of Ohio, was treating with Root for the purchase of his interest in the lots; that it was finally agreed between Root, Munroe and Wheeler, administrator, that he Wheeler, should have his first choice of four of the lots for and in behalf of the heirs of S. Wheeler, and that Root should take the remaining twelve for his portion; and that C. Wheeler and Munroe should proceed from Madison in the state of Ohio, (where this arrangement was made,) to Ann Arbor, in the state of Michigan, and make partition according to said understanding and agreement.

That it was the express agreement that the four lots to be first selected were equal to one-third part of the sixteen lots in value. That Root and wife conveyed to Munroe, by deed, twelve equal undivided sixteenth parts of said lands, to be held in common with the heirs of S. Wheeler. That soon afterwards Wheeler, administrator, and Munroe proceeded to Ann Arbor and made partition, and Wheeler, the administrator chose and selected lots number 15 and 16 in block number 2, north of Huron street, range 6, and lots number 4 and 5 in block 3, north of Huron street, range 3, as the four lots to be by him selected for the heirs, and that Munroe accepted and received the other twelve lots as his portion and assented to such partition and division.

That September 10, 1834, Munroe deeded to complainant, Charles Thayer, the said twelve lots; that the deeds from Root and wife to Munroe and from Munroe to complainants were duly recorded, &c.; that the deed from Munroe to complainant, Thayer, was intended to convey to complainant, Thayer, the entire interest Munroe had in said 16 lots. That complainant, Thayer, took immediate possession of the lots, and continued in possession; that in the month of Dec., 1834, Thayer conveyed lots number 6, 7 and 8 in block 3, to complainant, George Klinedob; lots 5 and 6 in block 2 to William J. Brown; lot number 4 to Caroline Brown; the deeds of which said several lots, were duly recorded, &c. That lots number 4 and 5 had since, by several intermediate conveyances, been conveyed to complainant, George Ward; that lot number 6 has been conveyed to complainant, William F. Leaman, by deed bearing date December 6, 1836, recorded April 8, 1837; that complainant, Thayer, conveyed lots 7 and 10 in block 3, to A. Burr Harrington, and he conveyed the same to Samuel Hamlet, who then owned and occupied the same; that the purchasers of said lots respectively had taken possession of the same and made valuable improvements in good faith and with the full belief that the purchasers thereof respectively had good and perfect titles to the same. Bill states that partition may be made of the said sixteen lots so as to save to complainants, their respective

improvements, and still do justice to all persons interested in said premises. The bill further states that Marcus Lane has been appointed *administrator of* said Samuel Wheeler, deceased, by the judge of probate of the county of Washtenaw, state of Michigan, and that he had published notice that he would expose for sale at public vendue at the court house in the village of Ann Arbor, on the third day of August instant, the equal undivided half of all of said lots, by virtue of a power and license granted by the judge of probate of the county of Washtenaw, aforesaid, authorizing the sale of the real estate belonging to the estate of the said Samue Wheeler, deceased.

An injunction was granted to restrain the sale.

Defendant Lane, the administrator demurred to so much of the bill as prays for relief and discovery, and to the agreement in the bill mentioned between Charles Wheeler and William Munroe for a division and partition of the premises, and assigns for causes of demurrer, that the complainants have a full and complete remedy at law if they are entitled to any relief.

The defendant, Lane, also answers and admits, that Samuel Wheeler and R. H. Root were seized of the premises in question as tenants in common, in equal proportions; as to the statement in the bill, that Wheeler owned one third and Root two thirds undivided, he knows not and cannot answer as to his belief or otherwise. Admits the death of Samuel Wheeler, leaving certain persons his heirs at law whose names he states are unknown to him; admits that the complainants and the defendant Howlet have acquired a title to an undivided interest in the premises, but how or by what means, or what title or interest they have acquired he knows not, and cannot answer as to his belief or otherwise; that he has been informed and believes, that Ward, Klinedob and Leaman, complainants, have made valuable improvements on some parts of the premises, but upon which part he does not know, and cannot answer.

Admits his appointment as administrator, and sets forth all the proceedings under that appointment, and states that he has no estate or interest in the premises except as administrator; admits that he gave notice of his intention to sell the equal un-

divided half part of the premises under an order from the judge of probate for the payment of the debts due from the estate of Samuel Wheeler, which estate is reported insolvent, and states that he intends to sell as soon as the injunction is dissolved; states that he has paid all taxes which he could find returned to the register's office, against the premises, without regard to the interests of the complainants or any other person.

The cause was heard upon the demurrer and a motion to dissolve the injunction.

MARCUS LANE in support of the demurrer and motion to dissolve the injunction.

1st. It does not appear that Charles Wheeler was appointed administrator by any court or authority having power to appoint.

2d. It does not appear that said Charles, if appointed by authority, accepted of the appointment, and entered upon the duties of his office.

3d. It does not appear that said Charles, if appointed and qualified according to the laws of Ohio, had any power or authority to lease, sell, divide or control the real estate of his intestate.

4th. It does not appear that said Charles Wheeler was ever qualified or authorized to administer upon the estate of said intestate within the state of Michigan.

5th. That an administrator, appointed according to the laws of another state, has no power, or authority, or control over the estate of an intestate within this state, unless specially authorized by a court of competent jurisdiction in this state. 3 *Mass. Rep.*, 514; 81 *Ib.*, 18; 11 *Ib.*, 313; 10 *Wheaton Rep.*, 192; 1 *Cranch*, 259.

6th. That an administrator, appointed according to the laws of this state has no power or authority to divide, sell or otherwise dispose of the lands of his intestate, except for the purpose of paying the debts of his intestate. 4 *Mass. Rep.*, 358; 1 *Ib.*, 45, 46; 2 *Ib.*, 478.

7h. It does not appear that the partition was reduced to

writing, or that it was made by said Charles in his capacity of administrator.

8th. That complainants have a full and ample remedy at law.

MILES and WILSON, contra.

1st. As to the demurrer.

A court of chancery has *concurrent* jurisdiction with a court of law, to compel partition between tenants in common. 1 *Mad. Ch.*, 244, *Coleman* vs. *Hutchenson*, 3 *Bibb.*, 209.

The title here is not disputed, the only question is as to the *extent* of the interest of the respective parties. The complainants' right to one equal undivided *half* part of the premises, is admitted by the answer.

Must the answer of all the defendants be in, before motion to dissolve the injunction can be sustained? the other defendants are not involved in the charge against Lane, upon which the injunction was granted.

The answer does not disprove the facts stated in the bill.

The defendant, Lane, has omitted to answer the statements in the bill:

1st. That Charles Wheeler was appointed administrator in Ohio, and also guardian to one of the minor heirs.

2d. That Charles Wheeler agreed with R. H. Root, the other tenant in common, to make partition of the sixteen lots; the demurrer only admits the agreement between Charles Wheeler and Munroe.

3d. That Charles Wheeler and Munroe made partition; that Munroe immediately gave a deed of the twelve lots which fell to his share, to Thayer, the complainant, who took possession.

The defendant admits that complainants and Howlet, one of the defendants, have acquired a title to an undivided interest in the premises; that Ward, Kline, Job and Seaman have made improvements, but leaves unanswered the fact that Howlet, the defendant, has made improvements on his lot.

The fact that the four lots remaining unsold by Thayer, are

of equal value with any of the eight sold by him, setting aside improvements, is unanswered.

The material fact, that Root was seized of two third parts and Samuel Wheeler of one third part of the premises, is left unanswered; the defendant, Lane, does not even state that he believes it untrue. (*See Apthorp* vs. *Comstock, Hop. Ch. Rep.*, 148.)

The defendant insists that the complainants can only claim, under the legal title, and that they must go to the law courts, and have partition under that title. (*See Madd. Ch.*, 3d *Amer. ed.*, 244; *Cox* vs. *Smith*, 4 *John. Ch. Rep.*, 271.)

But here has been a partition by parol, and a long continued possession under it. The defendant has not answered this part of the bill; he does not deny Thayer's possession, and those holding under him; and to the charge that he, as administrator, has taken possession of the four lots selected by Charles Wheeler, and has paid the taxes thereon, he answers evasively as to the payment of taxes, and as to taking possession, there is no answer. (*See Jackson Ex. dem., Antell and wife* vs. *Brown*, 3 *John. Ch. Rep.*, 453, *as to partition by parol.*)

But was Charles Wheeler, as administrator and guardian, authorized to act in making partition? the validity of his acts is not questioned by the answer; that he did act in making the partition, is admitted by the demurrer; and that the defendant, Lane, has acquiesced in this division, and ratified the partition, appears from the fact not denied by the answer, that he took possession of the four lots selected by Charles Wheeler for the heirs. (*See Jackson* vs. *Richtmyer*, 13 *John. Rep.*, 367.)

But further as to the improvements. Partition may be made, reserving to the complainants their improvements, without prejudice to the other persons concerned; this is not denied. On a partition, every part of the estate need not be divided. 1 *Madd. Ch.*, 245.

The Chancellor. That courts of equity have jurisdiction in cases for partition, where the facts are like those here presented, is well settled.

The demurrer here being to the whole discovery and relief, cannot be sustained; the demurrer must, therefore, be overruled.

As to the injunction, I have had some doubt whether the defendant, Lane, should not be permitted to sell whatever interest the estate may have in the premises; but as the amount of the interest of the several parties is disputed, it being alledged in the bill that the heirs of Wheeler are in fact entitled to but one-third of the premises, and the defendant, Lane, proposing to sell one half, a sale would further embarrass the title, and I think the injunction should be retained until those rights are ascertained and settled.

Demurrer overruled and injunction retained.